**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| YUN ZHU,<br><br>Plaintiff,<br><br>v.<br><br>SCHEDULE A DEFENDANTS,<br><br>Defendants. | Civil Case No.: 2:26-cv-01788-WSS |

**PLAINTIFF'S MOTION TO CONTINUE PRELIMINARY INJUNCTION HEARING AND TO EXTEND THE TEMPORARY RESTRAINING ORDER**

This is a design patent infringement case in which the patent owner sues counterfeit sellers on Amazon.com.

Noting that the accused products have identical designs to Plaintiff's patented design, on September 2, 2026, this Court granted a TRO against Defendants and set a hearing on why a preliminary injunction should not issue on September 15, 2026. (Dkt. 14.) The TRO, as currently set, will also expire on September 15, 2026. (Dkt. 14.)

Rule 65(b)(2) allows extending a temporary restraining order entered without notice on good cause. Here, good cause exists for a brief extension of the TRO and the preliminary injunction hearing to September 29, 2026 or any other day convenient to the

Court.

First, Plaintiff has diligently pursued this case, having served , having served the temporary restraining order on the Gigacloud Technology and Wayfair on September 2, 2026, and posted the required bond with the Clerk of Court by mail[1]. Neither Amazon nor Walmart has yet provided Defendants' contact information or implemented the asset and storefront restraints the temporary restraining order directs. Additional time is needed for those third parties to comply.

Second, this case is moving toward resolution. Plaintiff expects that most Defendants will come forward once Gigacloud Technology and Wayfair implement the restraints and provide the contact information the temporary restraining order requires.

Third, no meaningful prejudice to Defendants exists. Gigacloud Technology and Wayfair have not yet implemented the asset and storefront restraints, so a short extension is warranted.

Fourth, the original danger of moving assets outside the jurisdiction of this Court still exists. Good cause under Rule 65(b)(2) is shown where "the grounds for originally granting the temporary restraining order continue to exist." 11A Wright & Miller, Fed. Pract. & Proc. § 2953 (3d ed.). Here, absent some restraint, Defendants may still choose to

---

[1] Plaintiff understands that the Clerk's Office may still be processing the bond paperwork.

shut down their current ecommerce stores, withdraw the funds generated from their infringing activities, and transfer those funds to foreign accounts, making recovery virtually impossible.

In sum, Plaintiff respectfully requests the Court to extend the TRO and continue the preliminary injunction hearing by two weeks to September 29, 2026, or any other day convenient to the Court. The undersigned counsel continues to appreciate the opportunity to discuss this case with the Court in person as long as the Court's schedule allows.

A Proposed Order is concurrently filed.

Date: September 14, 2026 Respectfully submitted,

/s/ Zheng "Andy" Liu
Zheng "Andy" Liu (CA- 279327)
***Aptum Law***
1660 S Amphlett Blvd Suite 315
San Mateo, CA 94402
Email: Andy.Liu@AptumLaw.us
Phone: 650-475-6289

*ATTORNEY FOR PLAINTIFF*