**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

YUN ZHU,

Plaintiff,

v.

SCHEDULE A DEFENDANTS,

Defendants.

Civil Case No.: 2:26-cv-01788-WSS

FILED UNDER SEAL

**PLAINTIFF'S MOTION FOR AN AMENDED TEMPORARY RESTRAINING ORDER, TO EXTEND THE TEMPORARY RESTRAINING ORDER, AND TO CONTINUE THE PRELIMINARY INJUNCTION HEARING**

Because neither marketplace is named in this Court's Temporary Restraining Order ("TRO") [Dkt. 14], and more than three weeks after being served with it, neither marketplace has implemented it. As a result, no Defendant has yet been restrained, and Plaintiff has no means of notifying Defendants of the preliminary injunction hearing now set for September 28, 2026 at 9:30 a.m.

Plaintiff therefore respectfully moves this Court, pursuant to Fed. R. Civ. P. 65(b)(2), 65(d), and 6(b)(1)(A), for (1) an Amended TRO that names GigaCloud Technology

and Wayfair expressly among the Third Party Service Providers directed to carry out the Court's order; and (2) an extension of the TRO and a corresponding continuance of the preliminary injunction hearing to October 12, 2026, or to such other date as is convenient to the Court. Plaintiff seeks no new or broader relief against Defendants.

## I. BACKGROUND

This is a design patent infringement case in which the patent owner sues sellers of infringing sofas on the GigaCloud Technology marketplace and Wayfair.com. Noting that the accused products have designs identical to Plaintiff's patented design, on September 2, 2026, this Court granted a TRO against Defendants and set a hearing on why a preliminary injunction should not issue for September 15, 2026. (Dkt. 14.) On Plaintiff's first motion, the Court continued the preliminary injunction hearing to September 28, 2026 at 9:30 a.m. and extended the TRO accordingly. (Dkt. 17.)

The TRO directs "marketplace platforms, including but not limited to" the named Third Party Service Providers to restrain Defendants' funds, divert them to a holding account, and provide an accounting (Dkt. 14 at pg. 7–10); to cease fulfillment of and sequester Defendants' inventory upon Plaintiff's request (*id.* at pg. 10); to stop providing services to Defendants' User Accounts and Merchant Storefronts (*id.* at pg. 12); and to produce records identifying Defendants and their contact information (*id.* at pg. 15–16). The named Third Party Service Providers are Aliexpress, Amazon, eBay, Joybuy, Temu, Walmart, and Wish. (*Id.* at pg. 7–8.) The TRO's definition of "User Account" likewise lists

only Amazon.com, ebay.com, Alibaba.com, Aliexpress.com, Walmart.com, and wish.com. (*Id.* at pg. 6 n.2.) Neither GigaCloud Technology nor Wayfair appears in either list, although they are the only two platforms on which Defendants operate. (*Id.* at pg. 18–19.)

Plaintiff served the TRO on GigaCloud Technology and Wayfair on September 2, 2026, the day it was entered, posted the required bond with the Clerk of Court, and has followed up with both platforms regarding implementation. As of the date of this motion, neither has restrained any Defendant's funds, disabled any storefront, sequestered any inventory, or provided any Defendant's contact information. Plaintiff believes the absence of their names from the TRO is the reason. The consequence is that the TRO has not yet operated against any Defendant. Defendants remain free to sell the Infringing Products and to move the proceeds beyond this Court's reach, and Plaintiff cannot yet serve Defendants, because the TRO provides for service after the restraints are confirmed. (Dkt. 14 at pg. 13–14.)

## II. AN AMENDED TEMPORARY RESTRAINING ORDER IS NEEDED TO ENSURE EXECUTION

This Court has ample authority to amend the TRO to address these circumstances. "[A] sound judicial discretion may call for the modification of the terms of an injunctive decree if the circumstances, whether of law or fact, obtaining at the time of its issuance have changed, or new ones have since arisen." *Sys. Fed'n No. 91, Ry. Emps.' Dep't v. Wright*, 364 U.S. 642, 647 (1961). The Patent Act likewise authorizes the Court to grant injunctions

"in accordance with the principles of equity . . . on such terms as the court deems reasonable." 35 U.S.C. § 283. And Rule 65 requires that every restraining order "state its terms specifically" and "describe in reasonable detail . . . the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1)(B)–(C).

GigaCloud Technology and Wayfair already fall within the TRO's general terms. The TRO reaches marketplace platforms "including but not limited to" those it names (Dkt. 14 at pg. 7), and it contemplates that additional Third Party Service Providers, "once identified and provided with notice, shall also be subject to the discovery, restraints and injunctions set forth in this Order." (*Id.* at pg. 9 n.5.) Rule 65 also binds persons "in active concert or participation" with a party who receive actual notice of the order. Fed. R. Civ. P. 65(d)(2)(C). But a marketplace asked to freeze its sellers' funds and disable their storefronts understandably looks for its own name in the order before acting. Naming GigaCloud Technology and Wayfair expressly will give them the specificity they need to carry out the TRO as the Court intended.

Plaintiff does not seek new or broader relief. The proposed Amended TRO covers the same Defendants, the same Seller Aliases, and the same Infringing Products listed on the existing Schedule A, and it imposes the same restraints. The Court has already found that Plaintiff satisfied the requirements for a temporary restraining order (Dkt. 14 at pg. 2–5), and those findings on likelihood of success, irreparable harm, the balance of harms, and the public interest apply equally here. The proposed Amended TRO differs from the TRO

only in that it (1) adds GigaCloud Technology and Wayfair to the Third Party Service Providers listed at pages 7–8 of the TRO; (2) adds the GigaCloud Technology marketplace and Wayfair.com to the definition of "User Account"; (3) adds a finding explaining the amendment; (4) leaves blank, for the Court to set, new dates for the show cause hearing and briefing; (5) provides that the $5,000 security previously ordered continues to secure the amended order; and (6) removes a duplicated clause at pages 10–11 of the TRO.

## III. GOOD CAUSE EXISTS TO EXTEND THE TRO AND CONTINUE THE HEARING

Rule 65(b)(2) provides that a temporary restraining order issued without notice "expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2). Good cause supports extending the TRO and continuing the preliminary injunction hearing until the amended restraints can take effect.

First, Plaintiff has diligently pursued this case. Plaintiff served the TRO on both platforms, posted the required bond, and has continued to follow up on implementation. When it became apparent that neither platform would act on the order as written, Plaintiff promptly brought this motion. The delay is attributable to the platforms' handling of the order, not to any lack of diligence by Plaintiff.

Second, Plaintiff cannot yet give Defendants notice. The TRO provides for service

on Defendants "[a]fter Plaintiff's Counsel has received confirmation from the Third Party Service Providers and Financial Institutions or otherwise, regarding the restraint of funds." (Dkt. 14 at pg. 13.) No platform has confirmed any restraint or provided the contact information the order directs it to disclose. (*See id.* at pg. 16.) Serving Defendants before the restraints take effect would alert them to this action and invite the very transfer of assets the order is meant to prevent. Holding the preliminary injunction hearing on September 28, 2026 would therefore deny Defendants a meaningful opportunity to be heard and deny the Court the benefit of any opposition they may wish to present.

Third, no meaningful prejudice to Defendants will result. Because neither platform has implemented the TRO, the asset and storefront restraints have not operated against any Defendant for a single day. A short extension imposes no burden Defendants have not yet borne, and it will allow the restraints to take effect and Defendants to receive notice and an opportunity to be heard under a revised schedule.

Fourth, the original danger of moving assets outside the jurisdiction of this Court still exists. Good cause under Rule 65(b)(2) is shown where "the grounds for originally granting the temporary restraining order continue to exist." 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2953 (3d ed.). Here, absent continued restraint, Defendants may shut down their current e-commerce storefronts, withdraw the funds generated by their infringing sales, and transfer those funds to foreign accounts, making recovery virtually impossible. That risk is at its greatest

in the period immediately after the restraints are implemented and Defendants learn of this action.

The TRO has not yet restrained any Defendant, and the reason it has not is the omission that the Amended TRO would cure. Because the Amended TRO rests on circumstances that arose after the original order was entered, Plaintiff respectfully requests that it set the preliminary injunction hearing for October 12, 2026, or such other date as is convenient to the Court, and remain in effect until that hearing.

## IV. REQUEST TO FILE UNDER SEAL

Plaintiff submits this motion under seal for the same reasons the TRO was entered under seal: if Defendants learn of this action before the restraints take effect, they can move their assets beyond the Court's reach and render any eventual judgment meaningless.

## V. CONCLUSION

The TRO has not yet taken effect because the only two platforms on which Defendants operate are not named in it. Plaintiff therefore respectfully requests that the Court (1) issue the Amended TRO submitted concurrently herewith, naming GigaCloud Technology and Wayfair as Third Party Service Providers; (2) extend the TRO through October 12, 2026; (3) continue the preliminary injunction hearing from September 28, 2026 at 9:30 a.m. to October 12, 2026, or to such other date as is convenient to the Court; and (4) set a briefing schedule under which Defendants' opposition papers, if any, are due by October 6, 2026, and Plaintiff's reply papers, if any, are due on or before October 9, 2026.

Plaintiff will serve the Court's order, together with the TRO and the papers supporting it, on Defendants promptly after GigaCloud Technology and Wayfair implement the restraints and provide Defendants' contact information. The undersigned counsel continues to appreciate the opportunity to address the Court in person on this case as the Court's schedule allows.

A proposed Amended Temporary Restraining Order is submitted concurrently herewith.

Date: September 27, 2026

Respectfully submitted,

/s/ Zheng "Andy" Liu

Zheng "Andy" Liu (CA Bar No. 279327)
***Aptum Law***
1660 S. Amphlett Blvd., Suite 315
San Mateo, CA 94402
Email: Andy.Liu@AptumLaw.us
Phone: 650-475-6289

*ATTORNEY FOR PLAINTIFF*