**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| YUN ZHU,<br><br>Plaintiff,<br><br>v.<br><br>SCHEDULE A DEFENDANTS,<br><br>Defendants. | Civil Case No.: 2:26-cv-01788-WSS |

**PLAINTIFF'S MOTION TO CONTINUE PRELIMINARY INJUNCTION HEARING AND TO EXTEND THE AMENDED TEMPORARY RESTRAINING ORDER**

This is a design patent infringement case in which the patent owner sues counterfeit sellers on gigacloudtech.com and wayfair.com.

Noting that the accused products have identical designs to Plaintiff's patented design, on September 28, 2026, this Court granted an amended TRO against Defendants and set a hearing on why a preliminary injunction should not issue on October 13, 2026. (Dkt. 20.) The amended TRO, as currently set, will also expire on October 13, 2026. (Dkt. 20.)

Rule 65(b)(2) allows extending a temporary restraining order entered without notice on good cause. Here, good cause exists for a brief extension of the amended TRO

and the preliminary injunction hearing to October 27, 2026 or any other day convenient to the Court.

First, Plaintiff has diligently pursued this case, having served the amended temporary restraining order on Gigacloud Technology and Wayfair on September 28, 2026, and posted the required bond with the Clerk of Court by mail, even though Gigacloud Technology did not provide Defendants' contact information until October 12, 2026.

Second, this case is moving toward resolution. Most of the Defendants are actively engaged in settlement discussions with Plaintiff. Plaintiff expects that most Defendants will settle in one week or so. Plaintiff has already reached a settlement with one of the Defendants. *See* **Exhibit A**.

Third, no meaningful prejudice to Defendants exists. The assets frozen are modest; three of the four Defendants have less than $17,000 frozen.

Fourth, the original danger of moving assets outside the jurisdiction of this Court still exists. Good cause under Rule 65(b)(2) is shown where "the grounds for originally granting the temporary restraining order continue to exist." 11A Wright & Miller, Fed. Pract. & Proc. § 2953 (3d ed.). Here, absent some restraint, Defendants may still choose to shut down their current ecommerce stores, withdraw the funds generated from their infringing activities, and transfer those funds to foreign accounts, making recovery virtually impossible.

In sum, Plaintiff respectfully requests the Court to extend the amended TRO and continue the preliminary injunction hearing by two weeks to October 27, 2026, or any other day convenient to the Court. The undersigned counsel continues to appreciate the opportunity to discuss this case with the Court in person as long as the Court's schedule allows.

A Proposed Order is concurrently filed.

Date: October 12, 2026 Respectfully submitted,

/s/ Zheng "Andy" Liu
Zheng "Andy" Liu (CA- 279327)
***Aptum Law***
1660 S Amphlett Blvd Suite 315
San Mateo, CA 94402
Email: Andy.Liu@AptumLaw.us
Phone: 650-475-6289

*ATTORNEY FOR PLAINTIFF*