**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | |
|---|---|
| **YUN ZHU,**<br>Plaintiff,<br>v.<br>**SCHEDULE A DEFENDANTS,**<br>Defendant. | Case No.: 2:26–cv–01788-WSS<br>Honorable William S. Stickman |

**DEFENDANT NO. 2 W2120 YR FURNITURE**
**OPPOSITION TO THE PRELIMINARY INJUNCTION**

Defendants Defendant No. 2 W2120 YR Furniture ("Defendant") submits this Opposition to Plaintiff's motion for Preliminary Injunction and Asset Restraint (Dkt. No. 25).

## I. INTRODUCTION

Plaintiff Yun Zhu's ("Plaintiff") preliminary injunction and asset restraint should be denied because Plaintiff has failed to submit evidence to support a likelihood of success on the merits for design patent infringement and the patent is invalid due to prior art sold years before the priority date of the asserted patent. If the asset restraint is maintained, it should be no more than the amount of sales.

The law requires that to show infringement, Plaintiff must compare the properly construed claim to the accused product. However, Plaintiff never does that. There is no comparison of Defendant's accused product to any of the figures in the design patent. The entirety of Plaintiff's infringement analysis is to state it has a design patent, submit low resolution photos from the listings of each of Defendants' accused products, and summarily conclude that there is infringement. This is insufficient to show a likelihood of success on the merits that could support a preliminary injunction.

Even if the Court were to analyze the low quality images of each product relied on

by Plaintiff to create its own infringement analysis, Plaintiff still does not have a reasonable likelihood of success on the merits because an ordinary observer would not be induced to buy the accused products believing that they are the Plaintiff's design. The accused products have many notable differences from Plaintiff's design that an ordinary observer would recognize including, most notably, that accused products have a different number of cushion sets, different number of depressions per cushion, and lack the rounded based design required by Plaintiff's design.

Plaintiff's patent is also invalid due to obviousness or anticipation considering prior art that was sold in the United States before the date of patent.

The Court should also vacate the asset restraint because Plaintiff has failed to show it is entitled to a preliminary injunction. Even if an asset restraint is maintained, the asset restraint which is unlimited in scope to freeze any amount of assets in Defendant's accounts, should be substantially reduced. The asset restraint is currently restraining the entire account whereas the sales of the accused products are only a fraction of that amount. The amount restrained for just Defendant exceeds the low $5,000 bond that Plaintiff posted to restrain the assets. The asset restraint should be substantially reduced to at most the likely damages and the bond posted should be at least equal to the restrained amount.

## II. STATUS OF THE CASE

Plaintiff filed its Complaint on August 26, 2026, alleging that Defendant infringed Plaintiff's design patent, and on August 28, 2026, filed a Motion for Entry for a Temporary Restraining Order, which the Court granted. (Dkt. Nos. 1, 10-11, 14). Plaintiff then filed its motion for preliminary injunction and asset restraint on September 28, 2026. Defendant files this opposition.

## III. STATEMENT OF THE LAW

"A plaintiff seeking a preliminary injunction must establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Milhouse v. Fasciana*, 721 F. App'x 109, 111 (3d Cir. 2018) "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "[A] preliminary injunction is an extraordinary remedy[ ] [that] should be granted only in limited circumstances." *Delaware State Sportsmen's Ass'n, Inc. v. Delaware Dep't of Safety & Homeland Sec.*, 108 F.4th 194, 200 (3d Cir. 2024). Here, Plaintiff has made no attempt to carry its burden of persuasion that a preliminary injunction should be entered because it failed to submit any analysis of infringement of either asserted patent.

Plaintiff is not entitled to a preliminary injunction unless it establishes that "(1) irreparable harm in the patent infringement context, the movant must show (1) that absent a preliminary injunction, it will likely suffer irreparable harm and (2) a causal nexus between the irreparable harm and the infringement. *AGF Mfg., Inc. v. Core & Main LP*, No. 25-CV-1275, 2026 WL 912617, at *2 (D.N.J. Jan. 30, 2026) *see Macom Tech. Sols. Holdings, Inc. v. Infineon Techs. AG*, 881 F.3d 1323, 1328, 1330 (Fed. Cir. 2018) "Determining whether a design patent has been infringed is a two-part test: (1) the court first construes the claim to determine its meaning and scope; (2) the fact finder then compares the properly construed claim to the accused design." *Lanard Toys Ltd. v. Dolgencorp LLC*, 958 F.3d 1337, 1341 (Fed. Cir. 2020).

"To prove a likelihood of success on the merits, a patentee must prove that success in establishing infringement is 'more likely than not.'" *Revision Military, Inc. v. Balboa Mfg. Co.*,

700 F.3d 524, 525–26 (Fed.Cir.2012). When comparing the patented design and accused design, the "ordinary observer" test is applied—*i.e.*, infringement is found "[i]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other." *Id.* (quoting *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670 (Fed. Cir. 2008) (*en banc*)). "As with utility patents, the patentee must prove infringement of a design patent by a preponderance of the evidence." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015) (quoting *Egyptian Goddess*)

"A determination of [utility] patent infringement requires a two-step analysis. The court must first interpret the claims to determine their scope and meaning. It must then compare the properly construed claims to the allegedly infringing device." *Dynacore Holdings Corp. v. U.S. Philips*, 363 F.3d 1263, 1273 (Fed. Cir. 2004) (internal citation omitted). To prove an accused product literally infringes the patent in suit, the product must contain each and every limitation of the asserted claim(s). *See, e.g., Cheese Sys., Inc. v. Tetra Pak Cheese & Powder Sys., Inc.*, 725 F.3d 1341, 1348 (Fed.Cir.2013).

## IV. ARGUMENT

The preliminary injunction and asset restraint should be denied because Plaintiff has failed to show by a preponderance of the evidence that it has a likelihood of success on the merits. Plaintiff's evidence of infringement does not show infringement of U.S. Design Patent No. D1,081,175 (the "D'175 Patent" or "Asserted Patent").

### A. Likelihood of Success on the Merits

To show a likelihood of success on the merits, Plaintiff has the burden to show infringement. A determination of patent infringement requires comparing the properly construed claims to the allegedly infringing device. *Dynacore Holdings*, 363 F.3d at 1273. No infringement

analysis was performed by Plaintiff. When there is a failure to perform an infringement analysis, a likelihood of success on the merits cannot be shown. *UATP IP, LLC v. Kangaroo, LLC*, 2024 U.S.App. LEXIS 3649, *5 (Fed.Cir. 2024).

### 1. There is No Evidence of Design Patent Infringement

Plaintiff's complaint, motion for a temporary restraining order, and motion for a preliminary injunction fail to contain any comparison of any of the figures of the D'175 Patent with the accused products. Instead, in an exhibit, Plaintiff submits only a low-quality image of the accused product from the listing page that has minimal details and obscures features that make it impossible to analyze infringement.

| Plaintiff's Patented Design | Defendant YR Furniture's listing showing Infringing product |
|---|---|
|  |  |

Plaintiff does not attempt to compare any details in the photo to any figures in the D'175 Patent to show similarities. Without any comparison, Plaintiff cannot satisfy its burden of showing a likelihood of success on the merits for its accusation of design patent infringement.

Even if the Court were to perform its own ordinary observer analysis of the image Plaintiff submitted of the accused product, there is insufficient evidence to compare the accused product to the figures in the D'175 Patent. For example, the D'175 Patent requires a very specific design for the back of the sofa that cannot be seen in the front-only view of the accused product:


FIG.2



FIG.5



Nor can the side view of the accused product be seen from the supplied image for comparison to Figure 5 and the distinct features highlighted in Figures 15-17. Plaintiff cannot show a likelihood of success because the evidence is insufficient to determine infringement.

Furthermore, a comparison of the image of the accused product to the figures in the D‘175 Patent show several distinctions that are readily seen by an ordinary observer. From an overall view, the D‘175 Patent requires three sets of seating with two wider seats with two sets of two depressions on the vertical cushion and a narrower seat between the two wider seats that has three depressions on the vertical cushion. The accused product has only two seats each with four depressions on the vertical cushion:

D’175 Patent




FIG.3

YR FURNITURE’s Accused Product



Furthermore, the base of the D‘175 Patent is bulbous, equal in width to the top cushion, but notably shorter than the top cushion. In contrast, the accused product has a straight edge base that is narrower in width than the top seating cushion which appears like a muffin top, and the base is roughly the same height as the top cushion. The D‘175 Patent provides close-up images of the meeting points between the cushion top and the base that are visually different from the muffin-top appearance of the accused product:

| D’175 | |
|---|---|
|  FIG.10 |  FIG.13 |
| YR FURNITURE’s Accused Product | |
|  |  |

In sum, even when considering the images of the accused product submitted by Plaintiff, the notable differences between the accused product and the D‘175 Patent demonstrate that an ordinary observer, giving such attention as a purchaser usually gives, would not be induced to purchase the accused product supposing it to be the Plaintiff’s design. Plaintiff has therefore failed to show any likelihood of success on the merits of design patent infringement of the D‘175 Patent.

**B. Plaintiff Did Not Suffer Irreparable Harm.**

In patent infringement cases, there is no presumption of irreparable harm when a party establishes liability for patent infringement. *Fleet Eng'rs, Inc. v. Mudguard Techs., LLC*, 2023 U.S. App. LEXIS 21178, *26 (Fed.Cir. 2023). Plaintiff claimed irreparable harm based on a loss of goodwill and reputation caused by Defendant’s infringement. (Dkt. No. 10 at 8-9). However, as

set forth in the preceding section, there is no evidence of infringement of Plaintiff's patent, and Plaintiff's patent is invalid. Thus, with no infringement, there is no harm, and therefore there can be no irreparable harm.

Plaintiff also alleges that it will be unlikely to realize any potential monetary award from actual infringers. Here, Defendants have hired attorneys to represent them in this court case who have appeared and filed documents in defense of the assertion. Further, Plaintiff does not identify which of the many defendants specifically caused the alleged irreparable harm, rather it lumps in noninfringers like Defendant with other defendants that have different product designs. Here, there is no showing of irreparable harm due to Defendant's sales of the accused products.

### C. The Balance of Equities and That an Injunction is in the Public Interest

The Balance of equities tips in Defendant's favor. There has been no infringement, thus any injunction would be inequitable to Defendant. And because there has been no infringement, an injunction would not be in the public interest.

Therefore, Plaintiff's preliminary injunction should be denied.

### D. An Asset Restraint is not Necessary Due to no Irreparable Harm and No Infringement of Plaintiff's Patent

Plaintiff has failed to timely serve the documents in this case, unfairly restraining Defendant' accounts. Plaintiff moved for and was granted alternative service on August 28, 2026 (Dkt. No. 5, 9). Nevertheless, Plaintiff unreasonably delayed the application for summons issuance until October 12, 2026. Plaintiff intentionally delayed issuing the summons, to keep the asset restraint in place to pressure settlement, rather than diligently effecting service and moving the case forward. By manipulating the timing of service, the Plaintiff is using this lawsuit as a commercial collection tool, which runs counter to the equitable principles. Temporary restraining orders and preliminary injunctions are intended as emergency, short-term relief. The Plaintiff has

repeatedly extended the TRO, freezing the Defendant's store funds for an extended period while delaying formal service and progress in the case. Plaintiff has already benefited from this prolonged asset restraint. Granting the preliminary injunction would further cause disproportionate harm to the Defendant, and equity weighs in the Defendant's favor.

Further, Plaintiff has suffered no irreparable harm. There has been no infringement of Plaintiff's Patent as discussed above, and therefore there cannot be any irreparable harm, and therefore there should not be any asset restraint.

Although the asset restraint is unnecessary, if the Court does not vacate the asset restraint, the restraint should be limited to a reasonable amount. The Court's asset restraint is unlimited in scope such that no matter how much money is in Defendant's account and no matter what the potential damages, the account remains restrained. By freezing all assets in the account, Defendant have no access to funds to run the businesses. Currently, approximately $12,000 is restrained in Defendant's account in light of $4,691.92 in accused sales, as Plaintiff should have been notified by Amazon.

Furthermore, the bond amount of $5,000 is too small for the substantial damages that could result if the preliminary injunction and asset restraints are wrongly entered. With over $12,000 restrained in Defendant's accounts and Defendant being prevented from accessing any of its funds to run its business, the potential damages for the asset restraint are substantially more than the $5,000 bond.

## CONCLUSION

For the reasons discussed above, Defendant No. 2 W2120 YR Furniture respectfully request the Court to deny Plaintiff's preliminary injunction, deny the asset restraint.

October 26, 2026

Respectfully Submitted,

*/s/ Steven G. Kalberg*
Steven G. Kalberg (IL Bar No. 6336131)
Direction IP Law
P.O. Box 14184
Chicago, IL 60614-0184
(312) 291-1667
skalberg@directionip.com

*Counsel for*
*Defendant No. 2 W2120 YR Furniture*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2026, I electronically filed the above documents with the Clerk of Court using CM/ECF which will send electronic notification of such filings to all registered counsel.

*/s/ Steven G. Kalberg*
Steven G. Kalberg