IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YUN ZHU,<br><br>Plaintiff,<br><br>v.<br><br>SCHEDULE A DEFENDANTS,<br><br>Defendants. | Case No.: 2:26-cv-01788-WSS |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AND ASSET RESTRAINT AS TO DEFENDANT NO. 2 W2120 YR FURNITURE**

Plaintiff Yun Zhu ("Plaintiff") submits this reply in support of Plaintiff's Motion for Preliminary Injunction and Asset Restraint (Dkt. 25) as to Defendant No. 2 W2120 YR Furniture ("Defendant YR Furniture"), and in response to Defendant YR Furniture's Opposition (Dkt. 31) ("Opposition" or "Opp."). In support, Plaintiff states:

## I. INTRODUCTION

"[I]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." *Gorham Co. v. White*, 81 U.S. 511, 528 (1871).

Here, Defendant YR Furniture's Opposition rests on a single photograph: a sofa with two back modules and one ottoman, sold under SKU W2120S00022. (Opp. at 5–8.) Plaintiff acknowledges that this photograph, which Plaintiff included for Defendant YR Furniture in Exhibit C to the Complaint, was the wrong one. (Declaration of Yun Zhu in Support of Plaintiff's Reply ("Zhu Reply Decl.") ¶ 5.) Plaintiff therefore withdraws its motion as to that SKU and five others listed in Schedule A: W2120S00022, W2120S00023, W2120S00024, W2120S00025, W2120S00034, and W2120S00035 (the "Withdrawn SKUs"). (*Id.* ¶ 6.)

But Schedule A identified twenty SKUs for Defendant YR Furniture, not one. (*Id.* ¶ 4; Dkt. 1-9.) The other fourteen, W2120S00036–41 and W2120S00046–53 (the "Accused SKUs"), are sold by Defendant YR Furniture under the same "Modular Sectional Sofa, Cloud Couch" product line. Each has three or four seat modules, tall rounded back cushions, stacked "cloud" seat cushions, bolster armrests, and one or two matching ottomans. (Zhu Reply Decl. ¶¶ 7–10, Ex. A.) The Opposition does not mention any of them. Its own description of the "accused product" cannot be squared with Defendant YR Furniture's own listings:

| *Defendant YR Furniture's Opposition* | *Defendant YR Furniture's own listings* |
|---|---|
| "[T]he D'175 Patent requires three sets of seating . . . . The accused product has only two seats . . . ." (Opp. at 6.) | Six Accused SKUs are titled "Oversized 3-Seater Sofa" or "3-Seater Modular Couches" and show three seat modules side by side. Eight more show four. (Zhu Reply Decl. ¶¶ 7, 10, Ex. A.) |
| "Plaintiff submits only a low-quality image of the accused product from the listing page . . . ." (Opp. at 5.) | Defendant YR Furniture's own listing page for each Accused SKU shows the full sofa, its title, color, seat count, and dimensions. (Zhu Reply Decl. ¶¶ 7, 10, Ex. A.) |
| "[A]pproximately $12,000 is restrained in Defendant's account in light of $4,691.92 in accused sales . . . ." (Opp. at 10.) | No declaration, sales record, or SKU breakdown supports the $4,691.92 figure. The Accused SKUs are listed at $518.00 to $736.00 per unit. (Zhu Reply Decl. ¶ 10, Ex. A.) |

Defendant YR Furniture cannot defeat an injunction over fourteen sofas by attacking the one sofa Plaintiff no longer accuses. The Court should grant the preliminary injunction and maintain the asset restraint as to the Accused SKUs.

## II. LEGAL STANDARD

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In a patent case, Federal Circuit law governs the substantive patent questions within that analysis. *See Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1375–76 (Fed. Cir. 2009).

Design patent infringement is measured by the ordinary observer test. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008) (en banc). "The ordinary observer test applies to the patented design in its entirety, as it is claimed." *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010). "[M]inor differences between a patented design and an accused article's design cannot, and shall not, prevent a finding of infringement." *Id.* (quoting *Payless Shoesource, Inc. v. Reebok Int'l Ltd.*, 998 F.2d 985, 991 (Fed. Cir. 1993)).

## III. DISCUSSION

### A. Plaintiff Withdraws Its Motion as to the Six Withdrawn SKUs.

Defendant YR Furniture argues that "[t]he accused product has only two seats each with four depressions on the vertical cushion." (Opp. at 6.) As to SKU W2120S00022, Plaintiff agrees that the photograph in Exhibit C shows a two-module sofa. (Zhu Reply Decl. ¶ 5.) Plaintiff withdraws its motion as to the Withdrawn SKUs and will not seek to enjoin their sale. (*Id.* ¶ 6.)

That concession does not reach the Accused SKUs. Schedule A identified all twenty of Defendant YR Furniture's SKUs, including each Accused SKU. (Dkt. 1-9; Zhu Reply Decl. ¶ 4.) Yet the Opposition does not argue that any Accused SKU differs from the claimed design. It does not mention them at all.

In sum, the Opposition's infringement arguments are directed to a product Plaintiff no longer accuses, and they leave the fourteen Accused SKUs unrebutted.

### B. The Accused SKUs Are Substantially the Same as the Claimed Design.

The Zhu Reply Declaration places FIG. 1 of U.S. Design Patent No. D1,081,175 (the "'175 Patent") beside each Accused SKU, as shown on Defendant YR Furniture's own listing pages. (Zhu Reply Decl. ¶ 10.) Two examples follow:

| *'175 Patent* | *Defendant YR Furniture's Accused SKUs* |
|---|---|
|  **FIG. 1** |  **W2120S00037** |

| *'175 Patent* | *Defendant YR Furniture's Accused SKUs* |
| --- | --- |
| <br>**FIG. 3** | <br>**W2120S00041** |

The overall impression of the claimed design comes from six features: (1) separate seat modules placed side by side; (2) tall, overstuffed back cushions with soft, rounded edges; (3) a thick, rounded "cloud" seat cushion stacked on a second rounded, padded lower section; (4) rounded bolster armrests resting on the seat at each end; (5) a matching free-standing ottoman in front of a seat module; and (6) tufted cushion faces. (Zhu Reply Decl. ¶ 8.) Each Accused SKU has all six. (*Id.*) An ordinary observer would view them as substantially the same. (*Id.* ¶ 11.)

Defendant YR Furniture's contrary arguments fail.

*First*, the Opposition argues that the claimed design "requires three sets of seating" while the accused product "has only two." (Opp. at 6.) Six Accused SKUs (W2120S00036–41) have exactly three seat modules, as in FIGS. 1 and 3. (Zhu Reply Decl. ¶ 10, Ex. A.) The remaining eight (W2120S00046–53) add a fourth module of the

same design. (*Id.*) Repeating the patented module does not change the overall appearance of the sofa.

*Second*, the Opposition counts the "depressions" on each back cushion. (Opp. at 6.) That is the checklist approach the Federal Circuit has rejected. In *Crocs*, the court held that a list of small design details "became a mistaken checklist for infringement," and that the ordinary observer test looks at the design as a whole. 598 F.3d at 1303–04. And in the '175 Patent's own figures, the throw pillows in front of the back cushions are drawn in broken lines that "form no part of the claimed design." (Compl. Ex. A; Zhu Reply Decl. ¶ 9.)

*Third*, the Opposition argues that the accused product has a "muffin top" base, and compares enlarged FIGS. 10 and 13 with close-up crops. (Opp. at 7–8.) Those crops come from the photograph of the Withdrawn SKU, not from any Accused SKU. (*Id.* at 8.) FIGS. 10 and 13 are magnified views of small junctions between cushions. An ordinary observer, "giving such attention as a purchaser usually gives," *Gorham*, 81 U.S. at 528, sees the same stacked, two-tier cloud profile in the claimed design and in every Accused SKU. (Zhu Reply Decl. ¶¶ 8, 11.)

*Fourth*, the Opposition argues that a front view cannot be compared with the rear and side views of FIGS. 2 and 5. (Opp. at 5–6.) The ordinary observer test asks whether the designs, viewed as a whole, are substantially the same. *Egyptian Goddess*, 543 F.3d at 678. Defendant YR Furniture's own listings show the overall appearance of each

Accused SKU, and the Opposition identifies no feature of any Accused SKU that differs from the claimed design.

In sum, each Accused SKU presents the same overall appearance as the claimed design, and Plaintiff is likely to succeed in proving infringement.

### C. Defendant YR Furniture Has Not Raised a Substantial Question of Invalidity.

The Opposition asserts that the ’175 Patent “is invalid due to prior art sold years before the priority date of the asserted patent,” and “due to obviousness or anticipation considering prior art that was sold in the United States before the date of patent.” (Opp. at 1–2.) Not so. The Opposition identifies no prior art reference, no product, no date of sale, and no image. It offers no declaration. Its invalidity argument consists of those two sentences.

A patent is presumed valid. 35 U.S.C. § 282(a). The presumption applies at the preliminary injunction stage. *Titan Tire*, 566 F.3d at 1377. A patentee must answer an invalidity challenge only after the accused infringer raises a substantial question of invalidity. *See id.* at 1377–79. An unsupported statement in a brief raises no question at all. And the ’175 Patent issued after examination over thirty-two cited references. (Compl. Ex. A at 1–2.)

In sum, Defendant YR Furniture has offered nothing to overcome the presumption of validity.

### D. Plaintiff Will Suffer Irreparable Harm, and the Equities and Public Interest Favor an Injunction.

The Opposition's irreparable harm argument depends on its claims that there is "no infringement" and that "Plaintiff's patent is invalid." (Opp. at 8–9.) Both fail as to the Accused SKUs. Plaintiff agrees that irreparable harm is not presumed. (*See id.* at 8.) Plaintiff has shown the loss of control over Plaintiff's reputation, goodwill, and market share, which cannot be measured in dollars. (Zhu Reply Decl. ¶¶ 12–13.) Loss of market share to a direct competitor supports a finding of irreparable harm. *See Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1151–55 (Fed. Cir. 2011).

Defendant YR Furniture also argues that its retention of counsel makes any money judgment collectible. (Opp. at 9.) An appearance by counsel is not a promise of payment, and Defendant YR Furniture identifies no assets in the United States outside the restrained account.

The balance of equities and the public interest favor Plaintiff for the same reason. Defendant YR Furniture's only argument on these factors is that "[t]here has been no infringement." (Opp. at 9.) An injunction limited to the Accused SKUs leaves Defendant YR Furniture free to sell its other products, including the Withdrawn SKUs. The public has no interest in the sale of infringing products.

**E. The Asset Restraint Should Remain in Place.**

Defendant YR Furniture asks the Court to vacate the asset restraint or limit it to "$4,691.92 in accused sales." (Opp. at 10.) The request fails for three reasons.

*First*, the $4,691.92 figure has no support. Defendant YR Furniture submits no declaration, no sales report, and no breakdown by SKU. The Opposition does not say whether the figure covers the Accused SKUs, the Withdrawn SKUs, or both.

*Second*, a design patent infringer is "liable to the owner to the extent of his total profit." 35 U.S.C. § 289. The Accused SKUs are listed at $518.00 to $736.00 per unit. (Zhu Reply Decl. ¶ 10, Ex. A.) The approximately $12,000 that Defendant YR Furniture says is restrained (Opp. at 10) is a modest measure of the profits at stake across fourteen Accused SKUs.

*Third*, Plaintiff does not oppose limiting the restraint to a fixed amount once Defendant YR Furniture produces verified sales records for each Accused SKU. Until then, the Court has no reliable basis to set a lower figure.

The Opposition also faults Plaintiff for the timing of service. (Opp. at 9–10.) Plaintiff had diligently attempted to serve Defendants, notifying Defendants' third-party platform of the Temporary Restraining Order as early as September 28, 2026, and even engaged a process server to personally serve Defendants' third-party platform. Plaintiff did not receive Defendants' contact information until October 12, 2026, and promptly served Defendants No. 1-3 one day later.

In sum, the asset restraint is proportionate to the relief Plaintiff may recover under § 289 and should remain in place.

## IV. CONCLUSION

An ordinary observer comparing the claimed design with any Accused SKU would take one for the other. *Gorham*, 81 U.S. at 528. Defendant YR Furniture cannot defeat an injunction over fourteen sofas by attacking the one sofa Plaintiff no longer accuses. Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Motion for Preliminary Injunction and Asset Restraint (Dkt. 25) as to Defendant YR Furniture with respect to SKUs W2120S00036–41 and W2120S00046–53, and maintain the asset restraint on Defendant YR Furniture's account.

Dated: October 26, 2026

Respectfully submitted,

/s/ Zheng Liu

Zheng "Andy" Liu (CBN 279327)
**Aptum Law**
1660 S Amphlett Blvd, Suite 315
San Mateo, CA 94402
Tel: (650)475-6289
Email: Andy.Liu@AptumLaw.us

*ATTORNEY FOR PLAINTIFF*