**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | |
|---|---|
| **YUN ZHU,**<br><br>Plaintiff,<br>v.<br><br>**SCHEDULE A DEFENDANTS,**<br><br>Defendant. | Case No.: 2:26−cv−01788-WSS<br><br>Honorable William S. Stickman |

**DEFENDANT NO. 2 W2120 YR FURNITURE**
**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant No. 2 W2120 YR Furniture ("Defendant") submits this Motion to Dismiss for Failure to State a Claim. In support of this motion, Defendant states as follows:

## I. INTRODUCTION

Plaintiff Yun Zhu's ("Plaintiff") complaint should be dismissed because, even with all reasonable inferences in Plaintiff's favor, Defendant does not infringe Plaintiff's design patent, US Design Patent No. D1,081,175 ("the D'175 Patent" or "Plaintiff's Patent"). During briefing on Plaintiff's motion for a preliminary injunction and asset restraint, Plaintiff admitted that the complaint contained at least 6 SKUs of Defendant that did not infringe. (Doc. 34 at 2). Plaintiff attempted to bolster its complaint by alleging infringement by Defendant using different images. (Doc. 35 at 5, 6). However, at the preliminary injunction hearing, the Court held that there was no likelihood of success on the merits, and therefore the preliminary injunction and asset restraint were denied as to Defendant. Because there was no plausible allegation of infringement, there is no claim to be made against Defendant, and the complaint should be dismissed.

## II. STATEMENT OF THE LAW

When adjudicating patent cases, district courts generally apply the law of the Federal Circuit to all issues that are "intimately involved with the substance of the patent laws." *Homy*

*Casa Ltd. v. Jili Creation Tech. Co.*, 755 F. Supp. 3d 904, 907 (W.D. Pa. 2024) (quoting *Grober v. Mako Prods., Inc.*, 686 F.3d 1335, 1345 (Fed. Cir. 2012). Procedural issues, however, including the grant or denial of a motion to dismiss, are governed by the law of the regional circuit. *Id. (*quoting *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1359 (Fed. Cir. 2017)).

In reviewing such a motion, the Court must "accept all factual allegations [in the complaint] as true," *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008), but need not credit unsupported conclusions or inferences nor "threadbare recitals of the elements of a cause of action." *Homy Casa* 755 F. Supp. 3d at 907. (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). After crediting the factual content of the complaint, the Court must then determine whether the complaint "raise[s] a right to relief above the speculative level" and states a "plausible," not merely a "conceivable" entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim is plausible if the court is able to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (*quoting Iqbal*, 556 U.S. at 678); *Homy Casa Ltd. v. Jili Creation Tech. Co.,* 755 F. Supp. 3d 904, 907 (W.D. Pa. 2024). If the Court grants a motion to dismiss, it must permit "curative amendment unless such an amendment would be inequitable or futile." *Id.*

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

"Determining whether a design patent has been infringed is a two-part test: (1) the court first construes the claim to determine its meaning and scope; (2) the fact finder then compares the

properly construed claim to the accused design." *Lanard Toys Ltd. v. Dolgencorp LLC*, 958 F.3d 1337, 1341 (Fed. Cir. 2020).

When comparing the patented design and accused design, the "ordinary observer" test is applied—*i.e.*, infringement is found "[i]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other." *Id.* (quoting *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670 (Fed. Cir. 2008) (*en banc*)). "As with utility patents, the patentee must prove infringement of a design patent by a preponderance of the evidence." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015) (quoting *Egyptian Goddess*).

"A determination of [utility] patent infringement requires a two-step analysis. The court must first interpret the claims to determine their scope and meaning. It must then compare the properly construed claims to the allegedly infringing device." *Dynacore Holdings Corp. v. U.S. Philips*, 363 F.3d 1263, 1273 (Fed. Cir. 2004) (internal citation omitted). To prove an accused product literally infringes the patent in suit, the product must contain each and every limitation of the asserted claim(s). *See, e.g., Cheese Sys., Inc. v. Tetra Pak Cheese & Powder Sys., Inc.*, 725 F.3d 1341, 1348 (Fed.Cir.2013).

## III. ARGUMENT

Even with all reasonable inferences drawn in Plaintiff's favor, Plaintiff's complaint fails to plausibly state a claim of design patent infringement, as it only features a threadbare recital of the elements of patent infringement, and does not compare Defendant's products to the patented design. Furthermore, the images provided by Plaintiff fail to plausibly allege that an ordinary observer, giving such attention as a purchaser usually gives, would be deceived to purchase Defendant's product believing it to be the patented design.

**A. Plaintiff has failed to Plausibly State a Claim for Design Patent Infringement**

Plaintiff's complaint contains a single paragraph explaining the alleged infringement; merely listing the design elements of the patent without comparing it to Defendant's product and directing the Court to Exhibits B and C. (Doc. 1 at ¶ 50).

Exhibit B of the complaint is a table with only one of the 23 images from the D'175 Patent, and only one picture of Defendant's accused products, which Plaintiff admitted did not infringe the D'175 Patent in Plaintiff's Reply in Support of its Motion for Preliminary Injunction. (Doc. 34 at 2, 4). Plaintiff withdrew its accusation of infringement against that product in the image and five other of Defendant's products. (*Id.*).

Exhibit C of the complaint is a listing of multiple products available for purchase without clear indicators of which defendant is on what page, what product is being shown, and how it compares to the patented design. None of this provides Defendant with a plausible inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

Further, Plaintiff does not explain how Defendant allegedly infringes the D'175 Patent. A determination of patent infringement requires comparing the properly construed claims to the allegedly infringing device. *Dynacore Holdings*, 363 F.3d at 1273. No infringement analysis was performed by Plaintiff. There are no tables that compare D'175 Patent to the accused products. Further, this Court found that there was no likelihood of success on the merits on the case and denied the preliminary injunction. (Doc. 35).

**B. There is No Evidence of Design Patent Infringement**

Plaintiff's complaint fails to contain any comparison of any of the figures of the D'175 Patent with the accused products. Instead, in an exhibit, Plaintiff submits only a low-quality image

of the accused product from the listing page that has minimal details and obscures features that make it impossible to analyze infringement.

| Plaintiff's Patented Design | Defendant YR Furniture's listing showing Infringing product |
|---|---|
|  |  |

Plaintiff does not compare any details in the photo to any figures in the D'175 Patent to show similarities. In fact, as explained above, Plaintiff admitted that the product image shown for comparison for Defendant in Exhibit B did not infringe and withdrew its accusation of infringement against that product and five other products of Defendant. (Doc. 34 at 2, 4). The complaint therefore fails to provide Defendant with any basis for understanding why it is accused of infringing. Without any comparison, Plaintiff cannot satisfy its burden of showing a plausible claim of patent infringement.

Even if the Court were to perform its own ordinary observer analysis of the image Plaintiff later alleged should be analyzed (Doc. 34 at 5, 6), there is insufficient evidence to compare the accused product to the figures in the D'175 Patent. For example, the D'175 Patent requires a specific design for the back of the sofa shown in Figure 2 that cannot be seen in the front-only view of the accused product:


FIG.2



FIG.5



(Doc. 1, Ex. C at 6). The side view of the accused product also cannot be seen from the supplied image and therefore cannot be compared to Figure 5 and the distinct features highlighted in Figures 15-17 of the D‘175 Patent.

Furthermore, a comparison of the image to the figures in the D‘175 Patent show several distinctions that are readily seen by an ordinary observer. Plaintiff described the six required features for the D’175 Patent as (1) separate seat modules placed side by side; (2) tall, overstuffed back cushions with soft, rounded edges; (3) a thick, rounded “cloud” seat cushion stacked on a second rounded, padded lower section; (4) rounded bolster armrests resting on the seat at each end; (5) a matching free-standing ottoman in front of a seat module; and (6) tufted cushion faces. (Doc. 34 at 6). At least three of these elements are not found in the product.

Element 2 is not satisfied because the image shows that the back seat cushions are not overstuffed. Element 3 is not satisfied because the rounded “cloud” seat cushion is not stacked on a second rounded padded lower section, but rather a normal straight edged base, with a muffin-top-like joining of the seat cushion and the base. Element 6 is not satisfied as the D’175 Patent shows a general oval depression on the back and bottom cushions, not the cross shape in the product photo, and the D’175 Patent includes indentations at the midpoint of the seat cushion that product image does not show.

<table>
<tr><th>D’175 Patent</th><th>YR FURNITURE’s Accused Product</th></tr>
<tr><td>

FIG.3</td><td></td></tr>
</table>

The D‘175 Patent also provides close-up images of the meeting points between the cushion top and the base that are visually different from the muffin-top appearance of the accused products:

<table>
<tr><th colspan="2">D’175</th></tr>
<tr><td><br>FIG.10</td><td><br>FIG.13</td></tr>
<tr><th colspan="2">YR FURNITURE’s Accused Product</th></tr>
<tr><td></td><td></td></tr>
</table>

In sum, even when considering the additional images of the product submitted by Plaintiff, the notable differences between the accused products and the D‘175 Patent demonstrate that an ordinary observer, giving such attention as a purchaser usually gives, would not be induced to purchase the accused product supposing it to be the Plaintiff's design. Plaintiff has therefore failed to show a plausible allegation of infringement of the D‘175 Patent, and failed to state a claim upon which relief can be granted. Furthermore, as demonstrated above, any amendment to the complaint would be futile because there is no plausible allegation of infringement. The complaint should therefore be dismissed with prejudice.

## **CONCLUSION**

For the reasons discussed above, Defendant No. 2 W2120 YR Furniture respectfully requests that the Court to dismiss Plaintiff's complaint with prejudice.

November 17, 2026

Respectfully Submitted,

*/s/ Steven G. Kalberg*
Steven G. Kalberg (IL Bar No. 6336131)
Direction IP Law
P.O. Box 14184
Chicago, IL 60614-0184
(312) 291-1667
skalberg@directionip.com

*Counsel for*
*Defendant No. 2 W2120 YR Furniture*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2026, I electronically filed the above document with the Clerk of Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

*/s/ Steven G. Kalberg*
Steven G. Kalberg